**UNITED STATES of America**

v.

**Charles D. ERB and Franklin DeBoer.**

**No. 74 Cr. 818–CLB.**

United States District Court,
S. D. New York.

Feb. 1, 1977.

---

Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., by John A. Lowe, Asst. U. S. Atty., New York City, for United States.

Edward M. Shaw, New York City, for Erb.

---

BRIEANT, District Judge.

Charles D. Erb, one of the defendants in the above proceeding, has moved pursuant to Rule 35, F.R.Crim.P., for a reduction of sentence.

On August 19, 1974 he was indicted together with Franklin DeBoer, for various counts charging criminal conduct forbidden by the laws regulating transactions in securities. On June 2, 1975 he was convicted on ten counts. Due to post-verdict proceedings in the district court, he was not sentenced until March 11, 1976, at which time concurrent terms of 18 months imprisonment, followed by a probationary period of 31 months to commence on his release from prison were imposed.

His appeal to the Court of Appeals was argued September 3, 1976, and the conviction was affirmed by that Court on October 1, 1976, 543 F.2d 438 (2d Cir. 1976). Familiarity with the opinion of the Court of Appeals is assumed.

On November 29, 1976 his petition for a writ of certiorari was denied by the United States Supreme Court, so that more than a year and a half after the jury verdict, having exhausted all of his due process, Erb surrendered and began serving his sentence last month.

The basis for this motion to reduce is stated succinctly by Erb's counsel:

"We make this motion in the earnest hope that this Court will conclude that the eighteen month jail sentence which it imposed on Mr. Erb is neither necessary nor fair to Mr. Erb and his family, in light of the exemplary life which he has led since the date of his conviction. I am attaching an affidavit by Mr. Erb, and several supporting letters which I believe demonstrate a very unusual commitment on his part to productive, responsible and very unselfish living. He has gone far out of his way to be helpful to others in extremely worthwhile pursuits. I hope that the material which we are submitting will convince the Court that Mr. Erb really deserves a very substantial reduction in sentence."

The information submitted is truly impressive. We observe at the outset that there was no undue delay in connection with Erb's case for which this Court, or organized society generally, need accept any blame. Extensive post-verdict motions were made by the defendant, which required and received the careful consideration of this Court. Such matters cannot be rushed. While the points raised may for the most part not have related directly to culpability, it was not unlikely that Erb could have prevailed on one or more of the points, and received a new trial or a dismissal of the charges against him. The Court of Appeals in this Circuit has succeeded, against an overwhelming increase in the filings, in expediting the disposition of appeals from the date of filing to the date of argument, and in Erb's case, decided complex issues presented and argued in his behalf and in behalf of the co-defendant, within a month of the date of argument.

But during the year and a half in which Erb was enjoying due process, to which he is entitled as a matter of right, he was gainfully employed, enjoying the company of his family and engaging in public service, community and church activities, all as more fully detailed in his affidavit.

Perhaps in cases where rehabilitation of an offender is the primary sentencing goal, or a significant factor in the sentencing decision, a reduction in sentence could be granted rationally, based on proof of socially desirable conduct, and freedom from criminality during a long time interval between the original imposition of sentence, and the exhaustion of appellate review.

This is not such a case. Movant cannot in any way be characterized as a habitual criminal. Apart from his business life, he was a good citizen, although the depredations in which he engaged with Van Aken and others are regarded by the Court as vast. There is no problem of recidivism. The type of crime charged here cannot be committed by a criminal who does not have a good reputation. Once convicted, it is doubtful that such a crime can be repeated,

because trust and confidence are necessary pre-requisites.

At the time of imposition of sentence, the Court set forth the basis for the imposition of the sentence in this case (Tr. p. 20):

"I do consider the crime serious. I am not persuaded that the court's position in the matter is any different because fortuitously the Xprint offering was never completed. I think the effect of the criminality is what it looked to be to Van Aken and Lovelett and Skillern and the rest of them at the time these documents were being prepared and filed and mailed. The court has a duty to deal with these matters without regard to any feeling that the court must have for people who have lives which are otherwise blameless, because the court has a duty to treat this type of crime just as seriously as Congress intended that we do it, and the court has an object of general deterrence."

All of these considerations which were before the Court at the time of sentencing and relied on still exist. They have lost none of their significance. Accordingly, the Court declines to reduce sentence. Motion denied.

So Ordered.